# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| JAMES GANSMAN,<br><br>    Plaintiff,<br><br>v.<br><br>MICHAEL A. TANENBAUM, et al.,<br><br>    Defendants. | Case No. 23-cv-03667-BLF<br><br>**ORDER RE: MOTIONS *IN LIMINE***<br><br>[Re: ECF No. 13, 21, 22] |
| JAMES GANSMAN,<br><br>    Plaintiff,<br><br>v.<br><br>JAMES KEALE,<br><br>    Defendant. | Case No. 23-cv-03671-BLF |

On February 15, 2024, the Court held a pretrial conference in this action, during which it issued oral rulings on Plaintiff James Gansman's and Defendants Michael A. Tanenbaum and James Keale's motions *in limine*. The Court here expands upon those oral rulings.

**I.  DISCUSSION**

    **A.  Plaintiff's Motion *in Limine* No. 1 to Exclude Defendant's Expert, D. Paul Regan, from Providing Expert Testimony Pursuant to Fed. R. Evid 702 (ECF No. 21)**

Plaintiff argues that Defendants' insolvency expert, D. Paul Regan, should be precluded from giving expert opinion testimony regarding Sedgwick LLP's date of insolvency and his use of generally accepted accounting principles ("GAAP") at trial. ECF No. 21 at 1. First, Plaintiff argues that Regan should not be allowed to offer an independent opinion on Sedgwick's date of insolvency because he did not conduct an independent insolvency analysis, he did not apply the same principles and methods that he had applied in *In re Heller Ehrman LLP* and *In re Dewey &*

1  *LeBouef LLP*, and he failed to analyze the effects of certain events (i.e., Sedgwick's decreasing
2  revenue in 2016, partner defections in 2017, and the breach of certain covenants). *Id.* at 2–4.
3  Second, Plaintiff argues that Regan's testimony regarding his use of GAAP must be excluded
4  because the Bankruptcy Code requires a "fair valuation" analysis rather than a GAAP analysis. *Id.*
5  at 4–5. On the first argument, Defendants respond that *Heller* and *Dewey* are inapposite because
6  those cases presented different facts and circumstances and Regan was retained as a plaintiff's
7  expert and therefore had the burden of proof. ECF No. 25 at 2. In this case, Regan was retained
8  as a defense expert and focused his analysis on rebuttal. *Id.* at 2–3. Defendants also respond that
9  Regan's report considers two of the three fair valuation analyses that he conducted in *Heller* and
10 *Dewey*. *Id.* at 3–4. On the second argument, Defendants argue that GAAP standards, although not
11 controlling, are relevant to determine insolvency. *Id.* at 1.

12 The Court finds that Regan has applied reliable principles and methods. Regan applied
13 two of the three fair valuation methods that he previously applied in *Heller* and *Dewey* cases—his
14 report analyzes whether Sedgwick had unreasonably small capital or was doomed to fail and
15 whether Sedgwick had the ability to pay its debts as they became due. *See* ECF No. 21, Coy Decl.
16 Ex. 1 ("Regan Report") ¶¶ 33–36 (analysis of ability to pay debts as they became due), ¶ 37
17 (analysis of unreasonably small capital). To the extent that Plaintiff argues that Regan should not
18 be permitted to offer an independent opinion of Sedgwick's date of insolvency, Defendants
19 clarified at the pretrial conference that Regan is being offered only as a rebuttal expert and will not
20 be offering independent opinions on the date of insolvency.

21 The Court further finds that Regan's use of GAAP does not require exclusion. Although
22 Plaintiff is correct that GAAP are not the controlling principles for purposes of insolvency, GAAP
23 may still be relevant to the insolvency determination. *See In re Sierra Steel, Inc.*, 96 B.R. 275,
24 278 (B.A.P. 9th Cir. 1989) ("[A]lthough GAAP are relevant, they are not controlling in insolvency
25 determinations."); *In re Winstar Commc'ns, Inc.*, 348 B.R. 234, 274 (Bankr. D. Del. 2005) (same).
26 Thus, the fact that Regan used GAAP does not, in and of itself, mean that Regan failed to apply
27 reliable principles and methods.

28 Accordingly, the Court DENIES Plaintiff's Motion *in Limine* No. 1 based on the

1 representation that Regan is not offering his own independent opinion on Sedgwick's date of
2 insolvency and because reliance on GAAP is not alone a basis for exclusion. Regan may attack in
3 rebuttal any date offered by Plaintiff's expert, Austin Wade, and give reasons why there is no
4 insolvency on that date.

**B.     Plaintiff's Motion *in Limine* No. 2 to Exclude Defendants' Expert, D. Paul Regan, from Providing Expert Opinion Testimony Regarding a Third-Party Insolvency Analysis Pursuant to Fed. R. Evid. 402, 403, 702 (ECF No. 14)**

Plaintiff argues that Regan should be prevented from providing expert testimony based on a report prepared by Commenda, Inc. ("Commenda Report"). ECF No. 14 at 1. Regan's initial report is framed in part as a rebuttal of the Commenda Report. *See* Regan Report ¶ 16. Plaintiff argues that Regan cannot testify at trial regarding the Commenda Report because: (1) Plaintiff does not seek to introduce the Commenda Report at trial; (2) the Commenda Report is unauthenticated and not the type of information reasonably relied upon by experts; and (3) the probative value of Regan's analysis of the Commenda Report is substantially outweighed by the danger of unfair prejudice. ECF No. 14 at 2–5. Defendants explain that Regan responded initially to the Commenda Report because Defendants were not aware of any solvency analysis conducted by Plaintiff at the time of initial simultaneous expert disclosures. ECF No. 26 at 1–3. Defendants also argue that the Commenda Report is relevant and not unduly prejudicial because it reaches the same conclusion regarding Sedgwick's date of insolvency as Wade. *Id.* at 3–4. As such, Defendants argue the Commenda Report is helpful for analyzing the flaws in Wade's report and its relevance and any prejudice must be considered in the context in which it might be introduced at trial. *Id.*

The Court finds that Plaintiff's motion is premature. As Plaintiff acknowledges, it is possible that the Commenda Report will not be introduced at trial at all. Defendants have indicated that if the Commenda Report is not the basis of Wade's opinions, then Defendants are unlikely to offer Regan's rebuttal to the Commenda Report. If the Commenda Report is introduced, the Court will consider its relevance and any objections as they may arise at trial.

Accordingly, the Court DEFERS ruling on Plaintiff's Motion *in Limine* No. 2. Plaintiff may raise any objections to the Commenda Report in the event that it is introduced at trial.

### C. Defendants' Motion *in Limine* No. 1 to Exclude Expert Austin Wade's Insolvency Opinions (ECF No. 22)

Defendants argue that Wade's insolvency opinions should be excluded under Federal Rules of Evidence 403 and 702 and under *Daubert*. ECF No. 22. First, Defendants argue that Wade's opinions based on his balance sheet analysis are flawed because he makes adjustments under which most law firms in the United States would be found insolvent. *Id.* at 1–2. Second, Defendants argue that Wade's opinions based on his income approach analysis are inconsistent with the facts of this case, including the deposition testimony of two fact witnesses. *Id.* at 3–4. Third, Defendants argue that Wade's opinion that Sedgwick was not paying its debts as they became due is unreliable because Wade fails to analyze certain facts. *Id.* at 5. Plaintiff responds that Wade's opinions are based on the fair valuation methodology approved by the Bankruptcy Code and California law, and that Defendants' objections rely on mischaracterizations or out-of-context issues of fact that are best raised at cross-examination. ECF No. 22 at 3–5.

Although Defendants argue that Wade's methods are unreliable or unreliably applied, Defendants' arguments appear to be objections to Wade's ultimate conclusions and the consideration of certain facts in the expert's analysis. The fact that Defendants disagree with Wade's analysis is not a basis for exclusion under Rule 403, Rule 702, or *Daubert*. Defendants have merely demonstrated that this trial will be a battle of experts—as such, it is more appropriate for Defendants to raise these challenges to Wade's opinions in cross-examination.

Accordingly, the Court DENIES Defendants' Motion *in Limine* No. 1.

## II. ORDER

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's Motion *in Limine* No. 1 (ECF No. 21) is DENIED.
2. Plaintiff's Motion *in Limine* No. 2 (ECF No. 14) is DEFERRED.
3. Defendants' Motion *in Limine* No. 1 (ECF No. 22) is DENIED.

Dated: February 20, 2024



BETH LABSON FREEMAN
United States District Judge